**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-6426**

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

    v.

NANCY JEAN SIEGEL, a/k/a Nancy Jean Sweitzer, a/k/a Nancy Jean Geisendaffer, a/k/a Nancy Jean Kucharski,

         Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Theodore D. Chuang, District Judge. (1:03-cr-00393-TDC-1)

Submitted: January 31, 2022                  Decided: March 2, 2022

Before KING and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Eugene V. Gorokhov, Jonathan M. Knowles, BURNHAM & GOROKHOV PLLC, Washington, D.C., for Appellant. Jonathan F. Lenzner, Acting United States Attorney, Tamera L. Fine, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nancy Jean Siegel appeals the district court's order denying her motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the COVID-19 pandemic. On appeal, Siegel argues that the district court abused its discretion in denying, and failing to explain its reason for denying, her request for a lesser sentence reduction than time served and in failing to consider her argument that her health conditions alone, without consideration of the COVID-19 pandemic, were sufficient to constitute an extraordinary and compelling reason for release. We affirm.

We review a district court's ruling on a compassionate release motion for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.) (per curiam), *cert. denied*, 142 S. Ct. 383 (2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

Upon a defendant's motion, a district court may reduce a term of imprisonment if the defendant has exhausted her administrative remedies and "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction." *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021). Instead, the court "must consider the [18 U.S.C.]

2

§ 3553(a) sentencing factors to the extent that they are applicable in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." *Id.* (cleaned up).

When it comes to a district court's explanation of its decision in a compassionate release case, there is no "categorical explanation requirement," *id.* at 187, and the district court need not "acknowledge and address each of the defendant's arguments on the record," *id.* at 188-89. When a case is "relative[ly] simpl[e]," a court's explanation is sufficient if it demonstrates that it "was *aware* of the arguments, *considered* the relevant sentencing factors, and had an intuitive reason" for denying the motion. *Id.* at 191 (internal quotation marks omitted). And "the touchstone must be whether the district court set forth enough to satisfy [this] court that it has *considered* the parties' arguments and has *a reasoned basis* for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *Id.* at 190 (cleaned up).

Siegel first argues that the district court failed to consider her request for a sentence reduction less than time served and failed to explain its reason for denying the request. However, Siegel's motion for compassionate release did not request a sentence reduction for less than time served. In her motion, Siegel included a footnote referencing that courts have the power to reduce a sentence to something more than time served. However, she did not directly ask the court for any reduction beyond time served. This is highlighted by her arguments that she could not remain imprisoned due to her poor and deteriorating health. As this argument was not raised in the district court, the issue is not properly before this court. *See Pornomo v. United States*, 814 F.3d 681, 686 (4th Cir. 2016) (explaining that this court generally declines to consider issues raised for first time on appeal).

3

Turning to Siegel's argument that the district court failed to consider that her health conditions alone were sufficient to constitute an extraordinary and compelling reason for release, without consideration of any COVID-19 vulnerabilities, the court was not required to acknowledge every single argument presented. *See High*, 997 F.3d at 188-89. The main thrust of Siegel's motion argued that her medical conditions, in light of the COVID-19 pandemic, constituted an extraordinary and compelling reason for release. The court's explanation thoroughly addressed this argument. Moreover, even if Siegel had presented an extraordinary and compelling reason for release, the court found that the 18 U.S.C. § 3553(a) factors weighed against release. We conclude that the court's explanation was sufficient to permit meaningful appellate review in light of the facts of Siegel's case and the arguments presented in the district court.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*